*139 Opinion of the Court by
Judge Owsley.
[Absent Chief Justice Bibb.]
The judgment from which this appeal was prayed, was rendered in favour of the appellees upon a verdict found for them, on the trial of the general issue, in an action of ejectment brought by the appellants, to recover a tract of land lying in the county of Madison.
The declaration in ejectment was served upon the tenants in possession, in May, 1825, and the trial was had in June, 1826.
The appellants claim title to the land in contest, under a patent which issued from the Commonwealth of Kentucky in 1796, to Isaac Shelby, and by the production of title papers proved on the trial, that on the day of the demise laid in the declaration, and at the commencement of the action, the legal title to the land was in the President, Directors and Company of the Bank of Kentucky, one of the lessors mentioned in the demise laid in the declaration. After this proof was made, and after evidence was introduced going to prove, that the defedants, though not actually residing upon the land, were in the possession thereof at the commencement of the action, and had about six acres in cultivation, the court, on the motion of the appellees instructed the jury to find as in case of a nonsuit.
The question made by the assignment of errors, and which was debated at the bar, involves an enquiry into the correctness of the decision of the court, upon the motion of the appellees for the instruction to the jury.
It was not attempted in argument, to maintain the decision upon the ground of any lack of evidence on the part of the appellant, to prove title in any of the lessors at the date of the demise, or at the com *140 mencement of the action, but assuming the evidence to be sufficient, to establish such a title, it was contended, that under the act of the Legislature of this State, concerning champerty and maintenance, and the more effectually to secure the bona fide occupants of land, which passed the 7th January, 1824, the title, which the evidence proved to have been in the Bank, had become forfeited before the trial, in consequence of a failure to improve the land, as prescribed by the eighth section of the act; and hence it was urged, that the court was correct in giving instructions to the jury, to find as in case of a nonsuit.
Defendant cannot rely on the act of 1824, forfeiting lands for non-cultivation without shewing; his case embraced by the acts concerning occupying claimants.
It is undoubtedly true, that the record contains no evidence conducing to shew that any improvement has been made upon the land, by any person claiming under the title of the appellant; but whether or not, for a failure to make improvements, the title is forfeited, is a question not necessary, or proper, now to consider. If the title is forfeited, it must be in consequence of the provisions of the act to which allusion has been made, and to enable the appellees to avail themselves of the forfeiture, they should have brought themselves within the description of persons whose interest was designed by the act to be protected. But whether we advert to the preamble, or enacting sections of the act, this, it will be found, they have not done. They do not appear to have attempted, on the trial, to prove themselves to be of that description of honest and bona fide improvers, or occupants of land, whose interests are guarded and protected by the laws of this country, concerning occupying claimants; and it is to improvers or occupants of that sort, and to them only, that we understand permission is given by the provisions of the act under consideration, to plead or rely upon the forfeiture prescribed by the act for a failure to improve. Had the Legislature intended to allow any description of possessors to rely upon the forfeiture of the adverse claim, they surely never would have made a provision, as they have done, in the eleventh section of the act, declaring it to be lawful for any improver, or cultivator, occupant or *141 occupants of land, in possession, under a bona fide purchase by written contract or deed of record, or claim derived from the commonwealth, or by descent or devise under a bona fide purchaser, against, whom any action may be depending, to plead the act, or rely upon it under the general issue; nor would the Legislature, as is done in the tenth section of the act, have allowed the claims of those who may have failed to improve the land, to be asserted by suit or action, against the honest and bona fide possessor, under a claim derived from th commonwealth, provided the person so asserting his claim, either in person or by his agent or attorney exhibits and files in court a written engagement, under hand and seal, that he will abide by, and conform to the provisions of the several Acts of Assembly concerning occupying claimants of land. Having, however, by one of those sections, confined the privilege of pleading, or relying upon the act under the general issue, to that class of honest and bona fide possessors who fall within the provisions of the occupying claimant laws, and having also, by the other section, taken from that description of possessors, the privilege of relying upon the act, where the person asserting his claim comes under the engagement therein described, the Legislature cannot, we apprehend, according to any rational interpretation, be presumed to have intended to allow possessors of any other description against whom an adverse claim is asserted, to avail themselves of the provisions of the act.
If defendant does not shew himself with in the occupant laws, he cannot avail himself of the act of 24 forfeting lands for the want of cultivation.
Without intending, therefore, to express any opinion upon any other point growing out of the act, we have no hesitation in saying, that without proof of their being such possessors of the land as would, according to the provisions of some of the acts this country concerning occupants, entitle them, if evicted, to compensation for their improvements, the appellees were not in an attitude on the trial, to make the question as to the forfeiture of the appellant’s title under the act, and that the court ought, consequently, to have overruled their motion for instructions to the jury.
J. Speed Smith and Turner, for the appellants; Caperton, for defendants.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.